UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FERRIES CENAT,

        Plaintiff,
vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION and NATIONSTAR MORTGAGE, LLC,

        Defendants.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, FERRIES CENAT, by and through undersigned counsel, and brings this action against the Defendants, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") and NATIONSTAR MORTGAGE, LLC ("NATIONSTAR"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendants' violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

TL-9123

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendants' failure to comply with Section 1639g of TILA, Section 2605(k) of RESPA, Section 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, FANNIE MAE was and is a foreign corporation, authorized by Congress to provide a secondary market for residential mortgages, and has a principal address of 3900 Wisconsin Ave., NW, Washington, D.C. 20016.

8. At all times material hereto, Defendant, NATIONSTAR was and is a foreign corporation, incorporated under the laws of the State of Deleware; duly licensed to transact business in the State of Florida, has a principal address of 350 Highland Drive, Lewisville, TX 75067, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

9. At all times material hereto, Defendant, FANNIE MAE was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

TL-9123

10. At all times material hereto, Defendant, FANNIE MAE was and is an assignee pursuant to 15 U.S.C. § 1641. Upon information and belief, the assignment to FANNIE MAE was voluntary.

11. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, and owns a home, which is Plaintiff's primary residence, in Palm Beach County.

12. At some point in time prior to the violations alleged herein, NATIONSTAR was hired to service the subject loan.

13. At all times material hereto, NATIONSTAR, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by FANNIE MAE and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at 1239 SW 22nd Ave, Delray Beach, Florida 33445.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about September 23, 2008, Plaintiff entered into a fixed rate promissory note agreement with Golden First Mortgage Corp., a New York Corporation (the "Note").

15. The Note was secured by a mortgage on Plaintiff's residence located at 1239 SW 22nd Ave, Delray Beach, Florida 33445, in favor of Mortgage Electronic Registration Systems, Inc. (the "Mortgage").

16. Plaintiff's residence is a residential structure containing one to four family housing units.

17. The Note signed by Plaintiff in connection with the Mortgage serviced by NATIONSTAR is a consumer credit transaction within the meaning of, and subject to, TILA.

18. The mortgage loan in question is a "residential mortgage transaction" as defined in 15 U.S.C. §1602(x).

TL-9123

19. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

20. Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to fight to save his home.

21. Given that Plaintiff has owned and lived in his home since 2008, Plaintiff was eager to pursue every available remedy and protection afforded to him by Congress or otherwise.

22. Further, in light of the recent financial crisis, Plaintiff wished to obtain all vital information from his loan servicer to enable him make the most informed decisions moving forward, and to safeguard his individual interests.

23. This is of great importance because so many of today's loans and mortgage statements are replete with mistakes, inaccuracies, and occasionally—fraud.

24. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

25. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

26. Plaintiff and Loan Lawyers had legitimate concerns about specific charges that were being added to Plaintiff's account.

*TL-9123*

27.     In an effort to utilize the protections afforded to consumers by Congress, on or about February 13, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to NATIONSTAR a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). NATIONSTAR received Plaintiff's RFI on or about February 21, 2014.

28.     A true and correct copy of same is attached as Exhibit "A".

29.     Plaintiff's RFI asked NATIONSTAR to: (1) provide a detailed explanation and documentation to support charges on a December 18, 2013, mortgage statement; and (2) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement").

30.     NATIONSTAR was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

31.     Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

32.     Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

33.     NATIONSTAR, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

TL-9123

34. NATIONSTAR, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

35. On April 2, 2014, NATIONSTAR sent a written response to Plaintiff's RFI.

36. A true and correct copy of same is attached hereto as Exhibit "B".

37. NATIONSTAR's response was boilerplate and failed to show any documentation to support the fees inquired about. *See Exhibit "B"*.

38. Plaintiff specifically requested the date of accrual of each expense and documentation in NATIONSTAR's possession that would support the charges shown on the December 18, 2013, mortgage statement. *See Exhibit "A"*.

39. Plaintiff sought the above-information to ensure all charges were accurate, reasonable, actually incurred, and lawful.

40. Moreover, with respect to Plaintiff's inquiry of the Corporate Advance Balance, NATIONSTAR merely stated what the Corporate Advance Balance "may" include. *See Exhibit "B"*.

41. NATIONSTAR also failed to provide an accurate payoff statement as requested.

42. In an attempt to amicably resolve the above issue, Plaintiff's counsel sent NATIONSTAR, through its counsel, a letter informing NATIONSTAR that to date, Plaintiff had not received an accurate payoff statement. The letter provided NATIONSTAR with an additional two weeks to obtain same. Plaintiff's counsel even informed Defendant's counsel that if additional time was needed, it could be requested.

43. A true and correct copy of the letter is attached hereto as Exhibit "C".

*TL-9123*

44. To date, NATIONSTAR has failed or refused to provide the requested information in Plaintiff's RFI, contrary to and 12 C.F.R. § 1024.36(d)(1).

45. To date, NATIONSTAR has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

## COUNT I –VIOLATION OF 15 U.S.C. § 1639g

46. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 45.

47. Upon information and belief, FANNIE MAE has considerable control over NATIONSTAR by virtue of a Servicing Agreement that governs their relationship.

48. Upon information and belief, the above-referenced agreement contains specific details and guidelines that NATIONSTAR is to follow.

49. Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was NATIONSTAR's responding to requests for information, notices of error, and requests for payoff statements.

50. Upon information and belief, FANNIE MAE may terminate NATIONSTAR's employment at any time.

51. As its servicer, NATIONSTAR is the employee and agent of FANNIE MAE.

52. FANNIE MAE is responsible for NATIONSTAR's failure to provide an accurate payoff statement since NATIONSTAR was acting in furtherance and within the scope of its employment for FANNIE MAE.

53. Various courts in the Southern District have found that vicarious liability applies to TILA violations. *See* <u>Lucien v. Federal Nat. Mortg. Ass'n</u>, 2014 WL 2184934 (S.D. Fla. May

*TL-9123*

23, 2014); <u>Khan v. Bank of New York Mellon</u>, 849 F. Supp. 2d 1377 (S.D. Fla. Mar. 19, 2012); <u>Kissinger v. Wells Fargo Bank, N.A., as Trustee for Soundview Home Loan Trust 2007–Opt2, Asset Backed Certificates, Series 2007–Opt2</u>, 2012 WL 3759034 (S.D. Fla. August 30, 2012); and <u>Santos v. Federal National Mort. Ass'n</u>, 2012 WL 3860559 (S.D. Fla. Sept. 6, 2012).

54. Plaintiff attempted to amicably resolve the above-issue prior to the filing of this lawsuit. *See* Exhibit "C".

55. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

56. Plaintiff is entitled to the following damages for violations of TILA by Defendant, FANNIE MAE: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

**WHEREFORE**, the Plaintiff, FERRIES CENAT, demands judgment against the Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION for damages together with interest, costs, and attorney's fees pursuant to 15 U.S.C. § 1640(a), and any and all further relief as this Honorable Court may deem just and proper.

### COUNT II – VIOLATION OF 12 U.S.C. § 2605(k)

57. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 45.

58. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of

> paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

59. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

60. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

61. NATIONSTAR has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) in that NATIONSTAR did not provide the requested information in Plaintiff's RFI.

62. As such, NATIONSTAR has violated 12 U.S.C. § 2605(k)(1)(E).

63. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

*TL-9123*

64. Plaintiff is entitled to actual damages as a result of Defendant, NATIONSTAR's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to NATIONSTAR's failure to adequately respond to Plaintiff's RFI. *See* Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

65. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of NATIONSTAR's pattern or practice of noncompliance with Regulation X and RESPA.

66. Plaintiff's counsel can demonstrate numerous correspondences sent to NATIONSTAR, relating to other clients under the applicable statutes, in which NATIONSTAR failed to acknowledge or adequately respond as required by law.

67. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, the Plaintiff, FERRIES CENAT, demand judgment against the Defendant, NATIONSTAR for damages together with interest, costs, and attorney's fees

*TL-9123*

pursuant to 12 U.S.C. § 2605(f), and any and all further relief as this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, FERRIES CENAT, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786

*TL-9123*